IN THE UNITED STATES DISTRICT COURT
THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES WILLIAM FIATTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 11-001172-CV-S-JTM-SSA |
| | ) | |
| CAROLYN W. COLVIN, ACTING | ) | |
| COMMISSIONER OF THE SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Plaintiff James William Fiatte ("Fiatte") appeals the denial of benefits by the Social Security Administration ("SSA") after Fiatte applied for disability insurance benefits under Title II of the Social Security ("Act"), 42 U.S.C. §§ 401, *et seq.*, and for supplemental security income benefits based on disability under Title XVI of the Act, 42 U.S.C. §§ 1381, *et seq.* Sections 205(g) [for Title II] and 1631(c)(3) [for Title XVI] of the Act, respectively codified at 42 U.S.C. §§ 405(g), 1383(c)(3), provides for judicial review of "final decisions" of Carolyn W. Colvin,[1] the Acting Commissioner of the Social Security Administration.

On April 27, 2011, an administrative law judge ("the ALJ") issued a decision finding that Fiatte had several severe impairments, to wit: history of reconstructed heels and ankles, broken right wrist, broken neck, broken back, skull fracture, collapsed lung, chronic back pain, and

---

[1] When this case was first filed, Michael J. Astrue was the Commissioner of the Social Security Administration and was properly named as the sole defendant. Subsequently, Mr. Astrue resigned and Ms. Colvin was named as Acting Commissioner on February 14, 2013. With the change in officeholder, the named defendant in this action automatically is substituted. FED. R. CIV. P. 25(d) ("When a public officer is a party to an action in his official capacity and during its pendency dies, resigns or otherwise ceases to hold office, the action does not abate and the officer's successor is automatically substituted as a party.").

stomach ulcers. However, the ALJ found that Fiatte nonetheless retained the residual functional capacity to perform a full range of light work as defined in 20 C.F.R. § 416.967(c). As such, the ALJ found that Fiatte was not disabled under the Act and denied both of Fiatte's applications. The Appeals Council for the Social Security Administration denied Fiatte's request for further administrative review of the ALJ's decision. Consequently, the ALJ's decision of April 27, 2011 is a final decision subject to judicial review.

Following full briefing by the parties and based on a thorough and complete review of the entire administrative record, the Court reverses the final decision of the Commissioner and remands this case back to SSA for further administrative consideration under sentence four of. 42 U.S.C. §405(g).

In making this ruling, the Court is mindful of the limited standard of review in a Social Security appeal. *See*, *e.g.*, *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008) (review of a final decision of the Commissioner is limited to a determination of whether the decision is supported by substantial evidence on the record as a whole). However, in this case and with this record, the Court concludes that the ALJ's evaluation of the opinion of Fiatte's treating physician (Benny Thomas, M.D.) was not consistent with Social Security Regulation 96-2p and 20 C.F.R. §§ 404.1527(d), 416.927(d). Specifically, Dr. Thomas opined that Fiatte had a lifting restriction of 10 pounds, could not use his hands for fine manipulation, could not use either foot for repetitive movements, could not bend, could not climb, could not stoop, could not kneel, could only occasionally crawl and crouch, should not be exposed to unprotected heights, should not be around moving machinery, should not be exposed to fumes and gases, and should not be exposed to loud noises.

Each of these restrictions has some possible correlation to the sever impairments found by the ALJ. Moreover, each of these restrictions might well erode the available jobs that could be performed by Fiatte (the ultimate impact could only be determined by an appropriate hypothetical question – incorporating the additional restrictions – posed to a vocational expert). Under these facts, the Court believes that the ALJ was too hasty in disregarding Dr. Thomas' conclusions on specific restrictions.[2]

To be clear, on remand, additional medical evidence may provide the ALJ with a basis to disregard Dr. Thomas' findings consistent with Social Security regulations or may bolster Dr. Thomas' findings requiring the ALJ to formulate a different residual functional capacity and a different hypothetical question to a vocational expert. Thus, the Court is not remanding the case with directions that the ALJ adopt all of the limitations suggested by Dr. Thomas. Rather, the Court believes that before such opinions are disregarded or afforded little weight, the ALJ must point to (and, in some cases, develop) other evidence that supports the residual functional capacity for Fiatte. The ALJ has not done so in this case and, as such, the Court believes that further administrative proceedings and consideration are warranted.

It is hereby

**ORDERED** that the decision of the Commissioner be reversed, and that this matter be remanded, pursuant to sentence four of 42 U.S.C. § 405(g), to the Commissioner for further proceedings consistent with this opinion.

      */s/ John T. Maughmer*
      **John T. Maughmer**
      **United States Magistrate Judge**

---

[2] Dr. Thomas also opined that Fiatte could not work an eight-hour day. This particular opinion was susceptible to discounting by the ALJ based on the record as a whole.

3